UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Juan M. Banks,                                              Case No. 3:13-cv-00020

        Plaintiff,

v.

                                    MEMORANDUM OPINION
                                       AND ORDER

Edward Sheldon,

        Defendant.


*Pro se* Plaintiff Juan M. Banks filed the above-captioned action under 42 U.S.C. § 1983 against the Warden of the Toledo Ohio Correctional Institution ("ToCI"), Edward Sheldon.[1] In his complaint, Plaintiff alleges denial of his constitutional rights to due process, access to the courts, and to petition government for a redress of grievances. Plaintiff seeks monetary relief and has filed a motion for appointment of counsel.

## BACKGROUND

Plaintiff alleges that on May 17, 2012, Defendant Sheldon approved of an emergency transfer of Plaintiff from ToCI to Southern Ohio Correctional Facility ("SOCF"). Upon his arrival at SOCF, Plaintiff was placed in segregation with his status denoted as "OTC-AWL" or "Out To

---

[1] Plaintiff initially filed this action in the Southern District of Ohio on December 19, 2012. On January 4, 2013, Plaintiff's action was transferred to this Court pursuant to 28 U.S.C. § 1391(b). (Doc. No. 3).

Court – AWOL". (Doc. No. 4 at 5). Plaintiff was subsequently assigned a Level 4 classification. (Doc. No. 4 at 5).

On June 25, 2012, Plaintiff received a letter from the Office of the Ohio Public Defender informing him that the Eight District Court of Appeals of Ohio had denied his "first appeal." (Doc. No. 4 at 6).[2] According to Plaintiff, the letter indicated that he had until July 23, 2012, to file an appeal to the Supreme Court of Ohio. The letter further stated the public defender would review Plaintiff's case and would inform him if they were unable to assist Plaintiff with his appeal.

On July 1, 2012, Plaintiff wrote to the public defender's office to inform them that he had finished his "pro se packet." (Doc. No. 4 at 6). The letter also indicated that if the public defender was unable to assist him with his appeal, he would need a copy of the Eighth District opinion and judgment to proceed. Plaintiff indicates he was never informed of any legal mail from the public defender because ToCI kept all of his legal mail in a storage room.

On August 27, 2012, Plaintiff received "fifteen pieces of legal mail" from ToCI and "filed a delay appeal" in the Supreme Court of Ohio. (Doc. No. 4 at 6).[3] The complaint asserts Plaintiff missed his filing deadline because ToCI "intentionally place his status as 'OTC-AWL[,]' and Defendant Sheldon "intentionally failed to forward" his "legal mail." (Doc. No. 4 at 5-6). Plaintiff asserts this prevented him from filing a "'non-frivolous claim' toward his prison sentence." (Doc. No. 4 at 6). Defendant's complaint does not describe the specific nature of his claims on appeal.

---

[2] The Eighth District court of Appeals of Ohio denied Plaintiff's appeal on June 7, 2012. *State v. Banks*, No. 97084, 2012-Ohio-2495, 2012 WL 2046786 (Ohio June 7, 2012).

[3] The Supreme Court of Ohio docket reflects that Plaintiff filed his notice of appeal and a motion for delayed appeal on September 20, 2012. *State of Ohio v. Banks*, No. 2012-1604 (Ohio Sept. 20, 2012).

2

On November 7, 2012, the Supreme Court of Ohio denied Plaintiff's motion for a delayed appeal and dismissed his case. *State of Ohio v. Banks*, No. 201-1604 (Ohio Nov. 7, 2012).

Plaintiff asserts he followed the grievance procedure, but received no answer. He then filed a "Chief Inspector Appeal," which was denied for lack of evidence. (Doc. No. 4 at 3).

Plaintiff's complaint claims that his transfer violated his right to procedural due process. Further, he claims that ToCI's failure to forward his legal mail violated his First Amendment right to petition the government for redress of grievances, as well as his Fifth and Fourteenth Amendment rights to due process of law and access to the courts.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[4] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

---

[4] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking § 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff's complaint names only one defendant, Edward Sheldon, the Warden at ToCI while plaintiff was incarcerated there. Plaintiff does not specify whether he is suing Defendant Sheldon in his official or individual capacity. For the reasons set forth below, I find Plaintiff has failed to state claims upon which relief may be granted against this Defendant, regardless of whether Plaintiff's claims are asserted as official or individual capacity claims.

*A. Official Capacity Claims*

A claim for damages against a state or municipal officer in his official capacity is the equivalent of an action against the public entity he represents. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff's claims against Defendant Sheldon in his official capacity as Warden of

4

ToCI, therefore, are construed against the State of Ohio. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). As such, it is clear that Defendant Sheldon is absolutely immune from liability under the Eleventh Amendment to the U.S. Constitution. *See Will*, 491 U.S. at 71; *Graham*, 473 U.S. at 169 ("This [Eleventh Amendment] bar remains in effect when state officials are sued for damages in their official capacity."). Moreover, in his official capacity as Warden, Defendant Sheldon is not a "person" subject to suit within the meaning of § 1983. *Will*, 491 at 71(concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered "persons" for the purpose of a § 1983 claim). Accordingly, I find Plaintiff has failed to state claims upon which relief may be granted against Defendant Sheldon in his official capacity.

### B. Individual Capacity Claims

Plaintiff's complaint is divided into two claims, the first relates to his transfer from SCI to SOCF and the second relates to his delayed appeal, which he contends was due to Defendant's failure to forward his mail from ToCI to SOCF. To the extent Plaintiff brings these claims against Defendant in his individual capacity, he fails to state claims upon which relief may be granted.

#### 1. Transfer

Plaintiff asserts Defendant violated his procedural due process rights when he approved of his transfer to SOCF. (Doc. No. 4 at 5). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that a liberty or property interest is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Thus procedural due analysis involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; . . . the

5

second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989) (internal citation omitted). In other words, "the question of what process is due is relevant only if the inmate establishes a constitutionally protected interest." *Pickelhaupt v. Jackson*, 364 F. App'x 221, 224 (6th Cir. 2010) (citing *Wilkinson*, 545 U.S. at 224).

Plaintiff has failed to state a procedural due process claim with regard to his transfer from ToCI to SOCF. Prisoners have no constitutionally protected entitlement to reside at a particular institution or to enjoy a particular security classification. *See Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003); *Rienholtz v. Campbell*, 64 F. Supp. 2d 721, 727 (W.D. Tenn. 1999); *Taylor v. Foltz*, 803 F. Supp. 1261, 1266 (E.D. Mich. 1992). Further, "[o]nly in the most extreme circumstances has the [Supreme] Court recognized a liberty interest in avoiding transfer to a prison with more adverse conditions." *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (citing *Wilkinson*, 545 U.S. at 223-24 (finding that confinement in a "Supermax" prison was "atypical and significant" because prisoners were kept in conditions similar to solitary confinement and lost their ability to seek parole, but that standing alone these conditions might not create a liberty interest)). Here, Plaintiff's complaint does not include any allegations about the conditions of the security at SOCF to suggest it imposes an atypical and significant hardship. Indeed, in Ohio, there is actually a higher security level, a Level 5. Ohio Admin. Code § 5120-9-52. Because Plaintiff has not demonstrated that a liberty interest was implicated in his transfer to SOCF and his security classification of Level 4, I hold that he has failed to state a claim.

*2. Legal Mail*

Plaintiff next asserts that Defendant denied him the right to access to the courts and due process in connection with the failure to forward his legal mail from ToCI to SOCF.

To the extent Plaintiff claims that the delay in forwarding his legal mail violated his due process rights, he fails to articulate a plausible claim for relief. It is true that Plaintiff has a liberty interest in receiving his mail. *See Stanley v. Vining*, 602 F.3d 767, 770 (6th Cir. 2010) (citing *Procunier v. Martinez*, 416 U.S. 396, 418 (1974), *overruled on other grounds, Thornburgh,* 490 U.S. 401). Plaintiff, however, fails to allege any deprivation of necessary process or of his right to be heard and, he therefore fails to state a procedural due process claim.

Furthermore, Plaintiff has no substantive due process interest in his incoming mail. Where a particular Amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (*citing Graham v. Connor*, 490 U.S. 386, 395 (1989)). Here, the First Amendment provides the source for constitutional protection. Accordingly, Plaintiff fails to state a substantive due process claim based on the failure to forward his legal mail.

Prisoners have a First and Fourteenth Amendment right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996). In assessing whether a state has violated that right, we ask first whether the claimant has demonstrated an "actual injury." *See Harbin–Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). "[T]he requirement that an inmate show 'actual injury' derives from the constitutional principle of standing." *Thaddeus -X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Furthermore, the injury requirement is not satisfied by just any type of frustrated legal claim. *Lewis*, 518 U.S. at 351. A prison official may be held liable for the deprivation of this First Amendment right only to the extent that his or her actions prevented a prisoner from pursuing or caused the rejection of specific non-frivolous direct appeals, habeas corpus applications, or civil rights actions. *Id.*; *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin–Bey*, 420 F.3d at 578.

Second, Plaintiff cannot establish the liability of Defendant absent a clear showing that the defendant was personally involved in the activities that form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). *See also Heyerman v. Cnty. of Calhoun*, 680 F.3d. 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 406 F. App'x at 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability"). In other words, individual liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants." *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991). A defendant must, therefore, play more than a passive role in the alleged violation or show mere tacit approval of the actions in question. *Rizzo,* 423 U.S. at 371.

Third, a claim of denial of access to the courts must allege more than mere negligence by the state actor who caused the injury. *Sims v. Landrum*, 170 F. App'x 954, 956 (6th Cir. 2006). "[P]laintiff's claim that a right of access to the courts has been impeded requires him to allege intentional conduct interfering with his legal mail, . . . [but] does not require an additional showing

8

of malicious motive." *Id.* (quoting *Simkins v. Bruce,* 406 F.3d 1239, 1242 (10th Cir. 2005)) (internal quotation marks omitted). "By contrast, when access to courts is impeded by mere negligence, as when legal mail is inadvertently lost or misdirected, no constitutional violation occurs." *Id.*

Here, Plaintiff alleges that ToCI failed to timely forward his legal mail, which impeded his ability to complete his notice of appeal to the Supreme Court of Ohio. Plaintiff's complaint does not allege any facts to suggest his underlying claims on appeal were non-frivolous. He provides no information regarding the content of his claims or the grounds for relief asserted. Without this information, the complaint fails to state a critical element of this cause of action. *See Hadix*, 182 F.3d at 405; *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (holding pro se state prisoner failed to allege facts to establish validity of claims he sought to present to Michigan courts and, therefore, failed to show his underlying claims were non-frivolous, as required to allege "actual injury" to demonstrate standing on his § 1983 denial of access to courts claim).

Further, Plaintiff's complaint does not set forth any factual allegations suggesting Defendant Sheldon directly participated in the withholding of Plaintiff's legal mail or was otherwise personally involved in, encouraged, or condoned the allegedly unconstitutional conduct at issue. *See Heyerman*, 680 F.3d at 647; *Murphy*, 406 F. App'x at 974. Plaintiff has not alleged any facts demonstrating that this Defendant intentionally mishandled his legal mail or acted with the intent to impede Plaintiff's access to the courts. To state an access-to-the-courts claim, Plaintiff must allege and prove that a Defendant's action was intentional, not merely negligent. *See Sims*, 170 F. App'x at 957 (citing *Wojnicz v. Davis*, 80 F. App' x 382, 384 (6th Cir. 2003)).

9

Moreover, to the extent Plaintiff is attempting to hold Defendant Sheldon responsible for the actions of ToCI's employees, it is clear that the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Plaintiff has not alleged any facts to suggest that Warden Sheldon "implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of [any] offending [subordinate]." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Because Plaintiff's allegations, at best, suggest that some official was negligent, he fails to state a claim under § 1983.

Accordingly, for the foregoing reasons, I find Plaintiff has failed to state a claim upon which relief may be granted against Defendant Sheldon in his personal capacity and, therefore, Plaintiff's claims are subject to summary dismissal pursuant to § 1915(e).

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion for appointment for counsel. (Doc. No. 5). A district court has discretion to appoint counsel for an indigent civil litigant. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) ("The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court, and this decision will be overturned only when the denial of counsel results in fundamental unfairness impinging on due process rights.") (citations and internal quotation marks omitted). "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado,* 992 F.2d at 605–06 (citations and internal quotation marks omitted). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.'" *Id.*

10

(citing *Archie v. Christian,* 812 F.2d 250, 253 (5th Cir. 1987)). "This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id.* (citing *Cookish v. Cunningham,* 787 F.2d 1, 3 (1st Cir. 1986)). "Counsel should not be appointed pursuant to 28 U.S.C. § 1915(d) where a pro se litigant's claims are frivolous, . . . or when the chances of success are extremely slim." *Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011) (internal citations and quotation marks omitted).

Upon careful consideration of Plaintiff's motion, the type and nature of this case, its complexity, and Plaintiff's ability to prosecute his claims, I conclude that counsel is not necessary at this time to insure Plaintiff's claims are fairly heard. *See Reneer*, 975 F.2d at 261 (holding that district court did not abuse its discretion in denying appointment of counsel to indigent prisoner who filed action under 42 U.S.C. § 1983 against prison officials who allegedly opened and read his incoming legal mail). Accordingly, Plaintiff's motion for appointment of counsel is denied.

## CONCLUSION

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[5]

So Ordered.

                                        s/Jeffrey J. Helmick
                                        United States District Judge

---

[5] 28 U.S.C. § 1915(a)(3) provides, in pertinent part, "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."